

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2009

# Zaim Dervisevic v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3253

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Zaim Dervisevic v. Atty Gen USA" (2009). *2009 Decisions.* Paper 194.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/194

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-048                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3253
_____

ZAIM DERVISEVIC,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A097 752 790
Immigration Judge:  Henry S. Dogin

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 19, 2009
Before:  SLOVITER, AMBRO AND SMITH, Circuit Judges

(Opinion filed :  November 25, 2009)
_____

OPINION
_____

PER CURIAM

    Zaim Dervisevic has filed a petition for review of a decision by the Board of

Immigration Appeals ("BIA"), which denied his motion to reopen removal proceedings.

We construe the Government's Motion for Summary Affirmance as a motion to

summarily deny the petition for review, and so construed, we will grant the motion and deny the petition for review.

Dervisevic is a citizen of Montenegro, who entered the United States in 2002 and stayed beyond the time allowed by his visa. Dervisevic applied for asylum and related relief, but an Immigration Judge denied relief on August 18, 2004. The BIA affirmed without opinion on December 21, 2005.

Dervisevic filed a motion to reopen on January 8, 2009, based on a pending Refugee/Asylee Relative Petition filed on his behalf by his wife, who had been granted asylum. A motion to reopen must normally be filed within 90 days of a final order, 8 C.F.R. § 1003.2(c)(2); but Dervisevic argued that his motion should be construed as a motion filed jointly with the Government, not subject to the 90-day limit, in light of his efforts to contact the Department of Homeland Security ("DHS") to obtain their consent.[1] The BIA "decline[d] to treat the motion as a joint motion in the absence of an affirmative statement from the DHS that it agrees to reopening." BIA decision at 1. The BIA thus found the motion untimely and denied it. We agree with the BIA that the motion was not "jointly filed," and we thus hold that the BIA did not abuse its discretion in denying the motion to reopen as untimely. Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994) (discretionary decisions of BIA not disturbed unless they are arbitrary, irrational, or

---

[1] A motion "[a]greed upon by all parties and jointly filed" is not subject to the time and numerical limitations for motions to reopen. 8 C.F.R. § 1003.2(c)(3)(iii).

2

contrary to law).

In affirmations attached to his stay motion, Dervisevic and his attorney both assert that although Dervisevic's wife and three sons all received political asylum in the United States, the BIA erred by not considering these developments as "new facts" that would permit reopening. All motions to reopen require a showing of "new facts," 8 C.F.R. § 1003.2(c)(1); thus, simply having "new facts" does not make the motion timely. Dervisevic does not otherwise address the issue of the untimeliness of his motion to reopen in his filings in this Court, nor in the motion to reopen itself, A.R. 40-41. Dervisevic does not base his motion on a change in country conditions, which could excuse an untimely filing, 8 C.F.R. § 1003.2(c)(3)(ii); nor does he refute the BIA's finding that his motion was not "jointly filed," 8 C.F.R. § 1003.2(c)(3)(iii). We can discern no other applicable basis on which Dervisevic could claim that his motion was not subject to time limitations.[2]

Because no substantial issue is raised by the petition for review, we will summarily deny the petition.[3]

---

[2] We decline to consider Dervisevic's filing of August 30, 2009, which appears to be a series of exhibits without an accompanying motion or response. Dervisevic did not respond to the Clerk's noncompliance order entered November 2, 2009.

[3] Dervisevic's motion for a stay of removal is denied as moot.